# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Joseph Raymond Neal, Jr., Respondent.

Appellate Case No. 2016-001752

---

Opinion No. 27680
Submitted October 31, 2016 - Filed November 16, 2016

---

## DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition, a public reprimand, or a definite suspension up to nine (9) months.  Respondent requests that any suspension be made retroactive to the date of his interim suspension.  We accept the Agreement and impose a definite suspension of nine (9) months from the practice of law.  We deny respondent's request to make his suspension retroactive to the date of respondent's interim suspension.

## Facts and Law

During the evening of December 16, 2011, respondent and his wife provided alcohol to an eighteen (18) year old female guest at their home in Augusta, Georgia.  The guest had formerly worked for the couple as a babysitter.  Marijuana

was also used in the home that evening. Respondent and his wife engaged in sexual intercourse with the guest. According to respondent, the marijuana belonged to his wife, and the sexual intercourse was consensual. On December 21, 2011, the guest contacted law enforcement to report the incident.

On March 6, 2012, respondent was indicted on one count of Rape and one count of Furnishing Alcohol to a Person under Twenty–One in violation of the laws of the State of Georgia. Because of the pending indictment, respondent was placed on interim suspension by order of this Court on March 27, 2012. *In the Matter of Neal*, 397 S.C. 496, 727 S.E.2d 27 (2012).

On June 6, 2012, respondent pled guilty to three misdemeanor charges: Disorderly Conduct, Furnishing Alcohol to a Person under Twenty-One, and Possession of Marijuana. The indictment for Rape was dismissed and a *nolle prosequi* was granted by the trial court.

Respondent was sentenced to twelve (12) months of probation on each charge, with all sentences to run consecutively. Respondent was ordered to have no contact with the victim or the victim's family, submit to random drug screens, and perform 100 hours of community service at a wastewater treatment facility. Respondent was also fined $1,000 for each charge.

On June 21, 2012, respondent filed a motion to withdraw his guilty plea on the charge of Possession of Marijuana because he stated he was not informed he would lose his driver's license for 180 days as a result of his plea. The court granted respondent's motion on March 29, 2013, and allowed respondent to substitute a plea of *nolo contendre nunc pro tunc* on the Possession of Marijuana charge. The order providing for the substituted plea modified respondent's sentence to include a requirement that he offer himself as a speaker to each of the five law schools in the State of Georgia regarding "issues which arose in this case."

Respondent complied with all conditions of his probation, and his probation was terminated on June 6, 2015.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule

8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer).

Respondent also admits his convictions bring the legal profession into disrepute and thereby constitute grounds for discipline under Rule 7(a)(5), RLDE.

## Conclusion

We accept the Agreement for Discipline by Consent and impose a non-retroactive definite suspension for nine months from the practice of law.

Prior to any reinstatement, respondent shall complete the Legal Ethics and Practice Program Ethics School.

Within thirty (30) days of the date of this order, respondent shall pay the costs incurred in the investigation and prosecution of this matter by Disciplinary Counsel and the Commission on Lawyer Conduct.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**